# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COOKEVILLE DIVISION

| | |
|---|---|
| ALLEN M. GEE #410565, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) NO. 2:19-cv-0084 |
| | ) |
| SMITH CTY SHERIFF'S OFFICE, et al., | ) |
| | ) |
|    Defendants | ) |

## MEMORANDUM AND ORDER

Allen Gee, a convicted inmate currently housed in the Northeast Correctional Complex in Mountain City, Tennessee, has filed this *pro se* civil rights action under 42 U.S.C. § 1983 (Doc. No. 2), along with an application to proceed in district court without prepaying fees and costs. (Doc No. 1.) The case is before the Court for a ruling on the application and for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I.    APPLICATION TO PROCEED AS A PAUPER

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's submission that he lacks the funds to pay the entire filing fee in advance, his application to proceed as a pauper (Doc. No. 1) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350.00 civil filing fee. The custodian of Plaintiff's trust account is **DIRECTED** to submit to the Clerk of

Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the Warden of Northeast Correctional Complex to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II. INITIAL REVIEW OF THE COMPLAINT

**A.  Standard for Initial Review**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis*, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d

461, 466 (6th Cir. 2009) (citations omitted)).  A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983.  Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012).  Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

**B.     Plaintiff's Allegations**

Plaintiff alleges two sets of unrelated facts about time he spent in the Smith County Jail from February to August 2019 before he was transferred to the Tennessee Department of Correction. (Doc. No. 1 at 3–4.)  First, he alleges that he sometimes has low blood sugar and has to have his blood sugar checked, and that while he was in jail "they would not give me anything for it properly or at the right level." (Id. at 4.)  Second, he alleges that he began asking to use the law library in February but was not permitted access until August after he submitted a grievance. (Id.)

Plaintiff demands "to be compensated for [his] pain and suffering for [his] denied blood sugar control" by Defendant Quality Corrections Health Care. (Id. at 5.)  And he demands compensation from the Smith County Sheriff's Office "for the time [he is] doing cause [he] couldn't get to the law library to plead [his] case." (Id.)

3

**C.     Analysis**

Deliberate indifference to a prisoner's serious medical needs "constitutes the unnecessary and wanton infliction of pain" and violates the Eighth Amendment rights of convicted inmates or the Fourteenth Amendment rights of pretrial detainees. Ruiz v. Martin, 72 F. App'x 271, 275 (6th Cir. 2003) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)); Miller v. Calhoun Cnty., 408 F.3d 803, 812 (6th Cir. 2005) ("Although the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well."). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Villegas v. Metro. Gov't of Nashville, 709 F.3d 563, 570 (6th Cir. 2013). The "deliberate indifference" necessary to violate the constitution is a higher standard than negligence and requires that the official know of and disregard an excessive risk to the inmate. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Mere allegations of medical malpractice or negligent diagnosis and treatment do not state an Eighth Amendment claim for cruel and unusual punishment. See Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). To prevail under those circumstances, an inmate must establish that the treatment he received was "so woefully inadequate as to amount to no treatment at all." Ruiz, 72 F. App'x at 276 (quoting Westlake, 537 F.2d at 860 n.5).

Although a private corporation that performs a traditional state function acts under the color of state law for purposes of Section 1983, it cannot be found liable solely on the basis of respondeat superior. Thomas v. Coble, 55 F. App'x 748, 748–49 (6th Cir. 2003). For a corporation to be liable, an inmate must prove that his injury was caused by an action taken pursuant to some official policy or custom. Id. at 749 (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)); see also Street v. Corr. Corp. of Am., 102 F.3d 810, 817 (6th Cir. 1996).

Plaintiff has not alleged enough to state a claim against Quality Corrections Health Care under these standards. He alleges a potentially serious condition — low blood sugar — but he does not allege what treatment was needed or prescribed, when or how frequently it was needed, when or how frequently staff failed to provide it, or whether he suffered any injury as a result. His allegation that he did not receive what he needed "properly or at the right level" suggests that he received some treatment and simply disputes its adequacy. Moreover, he does not allege that any deficiency in his care was caused by any corporate policy or practice, as required to state a claim against the only Defendant against which he seeks relief on this claim.

Turning to Plaintiff's claim about denial of access to the law library, inmates do not have "an abstract, freestanding right to a law library." Lewis v. Casey, 518 U.S. 343, 351 (1996). They do have a fundamental constitutional right of access to the courts, which requires authorities "to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 821, 828 (1977). The touchstone is the meaningful access to the courts, Bounds, 430 U.S. at 823, which may be satisfied "with some minimal access to legal advice and a system of court-provided forms" rather than law libraries. Lewis, 518 U.S. at 352. In order to state a claim for denial of access to the courts, an inmate must allege an "actual injury" to a "nonfrivolous legal

5

claim" in connection with an attack on his incarceration or challenge to the conditions of his confinement. Lewis, 518 U.S. at 349, 353, 355.

Plaintiff alleges that he was denied access to the law library but does not allege that he was denied "minimal access" to legal advice or forms to assist him with his legal endeavors. He suggests that he is 'doing time' because his lack of access to the law library prevented him from "plead[ing his] case," but he does not identify the "nonfrivolous legal claim" he was prevented from asserting or the context in which he would otherwise have asserted it. "Conclusory allegations, unsupported by any material factual allegations, are not sufficient to state a claim under § 1983." White v. Wayne Cty. Circuit Court Clerks, 146 F. App'x 792, 794 (6th Cir. 2005). Moreover, the Sixth Amendment and Tennessee law require the appointment of counsel to represent indigent criminal defendants, State v. Holmes, 302 S.W.3d 831, 838 (Tenn. 2010) ("Both our federal and state constitutions guarantee to criminal defendants the right to legal counsel at trial."), which, "as a matter of law, . . . fulfill[s the] constitutional obligation to provide . . . full access to the courts" in the context of a criminal prosecution. Roberts v. Morvac, No. 6:18-CV-196-GFVT, 2018 WL 6004666, at *2 (E.D. Ky. Nov. 15, 2018) (citing Holt v. Pitts, 702 F.2d 639, 640 (6th Cir. 1983)). Accordingly, this conclusory complaint does not establish that Plaintiff's lack of access to the law library amounted to denial of access to courts in the context of any proceeding that resulted in prison time.

### III. CONCLUSION

For the reasons explained above, this action is **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This dismissal is without prejudice to Plaintiff's ability to file an amended complaint if he can allege sufficient facts to state a claim in light of the standards explained above. See LaFountain v. Harry, 716 F.3d 944,

951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."); Brown v. Matauszak, 415 F. App'x 608, 615 (6th Cir. 2011) ("[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." (internal quotation marks and citations omitted)).

Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE